FILED

99 MAR 10 PM 4:12

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH ANNE STANLEY,

Plaintiff,

vs. Case No.: 99-552-CIV-T-23F

DILLARD'S, INC., formerly known as DILLARDS DEPARTMENT STORES, INC., a Delaware corporation,

Defendant.

______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1. This is a civil action seeking compensatory and punitive damages and declaratory relief based upon causes of arising under the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101 *et seq.*(the "Act"), and the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a), to redress the deprivation of her rights secured by federal law which prohibit discrimination against employees because of their disability.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343, and 28 U.S.C. Sections 2201 and 2202.

3. This action properly lies in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. Section 1391(b) and Rule 1.02 (b)(4), Rules of

64574
$150.00

the United States District Court for the Middle District of Florida, because the claims arose in Hillsborough County, Florida, in this judicial district. At all times relevant this action, the Plaintiff was a resident of Hillsborough County, Florida. The Defendants are corporations doing business within Hillsborough County, Florida.

4. The Plaintiff has exhausted all administrative remedies in order to bring this action. She filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on April 15, 1994. The matter was investigated, and a Letter of Determination issued by the EEOC on or about September 17, 1998. The EEOC issued the Plaintiff a Right to Sue letter on the 5th day of January, 1999, a copy of which is attached hereto as Exhibit A.

5. Plaintiff is entitled to be awarded Attorneys' fees and costs incurred in this action, pursuant to 42 U.S.C. Section 1988 and Rule 54, F.R.Civ.P.

## III. PARTIES

6. Plaintiff, Elizabeth Anne Stanley ("Stanley"), is a citizen and resident of the United States, who at all times relevant to this action was a resident of Hillsborough County, Florida.

7. The Defendant, Dillard's Inc., is a Delaware corporation registered to conduct business in Hillsborough County, Florida, as well as other locations within the State of Florida. Dillard's Inc. was previously known as Dillards Department Stores, Inc.

8. The Defendants own and operate one or more department stores known as "Dillard's" in Hillsborough County, Florida, as well as other locations in Florida and more than 25 states across the United States.

9. The Defendants are employers within the meaning of the Act in that they employ more than 25 employees.

## IV. FACTUAL ALLEGATIONS

10. In approximately 1978, the Plaintiff had a double mastectomy due to cancer in her breasts and in approximately 1982 underwent reconstructive surgery on her breasts which surgery included the implantation of silicone implants.

11. Subsequent to the silicone implants being used in her reconstructive breast surgery, the Plaintiff began to experience additional medical disabilities associated with the silicone implants and in mid-1993, the Plaintiff was advised to have additional breast surgery to remove the silicone implants.

12. During 1993, the Plaintiff was employed as a sales associate for the Burdines Department store located in Westshore Plaza Mall, in Tampa, Hillsborough County, Florida. Because of her success as a sales associate there, she was sought out for employment by Dillard's at the Westshore Plaza Mall in Tampa, Hillsborough County, Florida.

13. Plaintiff was hired as a full-time employee of Dillard's on or about May 17 or 18, 1993. As of her hiring, Plaintiff was made a sales manager in the lingerie department at Dillard's Store number 147 located at Westshore Plaza, in Tampa, Hillsborough County, Florida, at an increased salary to that of her previous employment.

14. Between May 18, 1993, and August 16, 1993, the Plaintiff's performance in all her job duties was satisfactory or better. In August, 1993, she had received recognition from Dillard's for being in the "Top 10" sales associates at the Westshore Plaza Dillard's store three times during a two week period. She had almost entirely completed a course of training to become a Certified Foundation Fitter, which no other sales associate at the Westshore Plaza store had completed.

15. On August 16, 1993, the Plaintiff was advised by her treating physician that surgery for the removal of the silicone implants had been scheduled for on or about August 30, 1993. The anticipated time for recovery, during which she would be unable to work, would be between three and four weeks.

16. In a written notice on the same day, August 16, 1993, the Plaintiff advised Gary Platt, the General Manager of the Defendants' department store, that she had been scheduled for this surgery and of the anticipated a recovery time of three to four weeks. Ms. Stanley informed Mr. Platt of her history of cancer, and that the reconstructive silicone implants in her breasts had to be removed, explaining that this was the nature of and necessity for the surgery scheduled for August 30, 1993.

17. The Plaintiff requested of Mr. Platt that she be accommodated with respect to the surgery necessitated by her disability. Ms. Stanley requested that she be taken off her normal work schedule, and that she be placed back into a work schedule upon recovery from her surgery and release by her physician.

18. Upon receiving this information from the Plaintiff, the Defendants' manager and agent, Gary Platt, informed the Plaintiff that she was "not eligible for medical leave" according to the Defendants' employment policies, in that the policy of this company is that employees must work there for more than six months to be eligible for paid sick leave. Ms. Stanley explained that she did not expect to receive paid leave, and that her request was that she be removed from the work schedule only for the period of her surgery and convalescence, with the understanding that this would be without pay.

19. Mr. Platt affirmed that the plaintiff would not be granted the leave requested, and that Dillard's would not allow her to remain "employed" even without pay for the anticipated period. Mr. Platt's explanation was that the computer would delete an employee's name if unscheduled for two weeks, and that there was nothing he could do to change this situation, as it was "out of his hands." Platt represented to Ms. Stanley that this was the effect of "Federal Law." Stanley specifically asked Platt if he was telling her that she would no longer have a job when she left to have the surgery. Platt informed Stanley that such was the case, and that if Ms. Stanley wished to work at Dillard's after her convalescence, she would have to apply for a position.

20. On or about August 30, 1993, while at work on the day before she was to enter the hospital for surgery, the Plaintiff was contacted by Stephanie Newport, the Defendants' area manager. Ms. Newport asked the plaintiff to sign a termination notice that was not completely filled in, lacking the reasons for the Plaintiff's termination. Newport told the Plaintiff not to worry about the form's blanks, that she should sign the form. The effect of this notice was to terminate the Plaintiff's employment with the Defendant on that same date.

21. Ms. Stanley proceeded with her plans and had her surgery during the first week of September, 1993. After the surgery, the plaintiff went to the executive office of Dillard's and requested a copy of the termination notice that she had signed on August 30, 1993. The copy of the notice given to her reflected a "reason code" of 050 on the form. The translation of this code was that plaintiff had voluntarily quit due to health reasons. Only after contact by Ms. Stanley's counsel was the reason changed by Dillards to "Ineligible for leave/cannot work schedule."

22. On August 30, 1993, the Defendants, by and through their agents and employees,

terminated the employment of the Plaintiff because of physical disabilities associated with her cancer and treatment necessary as a result of said cancer. The Defendant refused her request for a reasonable accommodation and thereby discriminated against her on the basis of her disability.

23. The Defendants have violated the Americans with Disabilities Act of 1990 by failing to offer or provide Plaintiff with a reasonable accommodation for her disability and by terminating her employment because she is an individual with a disability.

## V. PRAYER FOR RELIEF

24. The Plaintiff respectfully prays that this Court award her the following relief:

a. Enter a permanent injunction enjoining the Defendants, and each of them, their agents, employees, successors, and those acting in concert with the Defendants, or either of them, from continuing to violate the rights of the Plaintiff and the Americans with Disabilities Act of 1990;

b. Grant the Plaintiff an Order requiring the Defendants, and each of them, jointly and severally, to make the Plaintiff whole with appropriate back pay and front pay, fringe benefits, pre-judgment interest and otherwise;

c. Grant the Plaintiff a judgment awarding future pecuniary losses, and damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

d. Grant the Plaintiff punitive damages for the Defendants' intentional violation and reckless indifference to the federally protected rights of the Plaintiff;

e. Award the Plaintiff the cost of this action including reasonable attorneys fees, and any such further relief as this Court may deem just, proper and equitable.

## VI. DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

JUDY S. HOYER, ESQUIRE
Florida Bar No. 221104
EMILY A. PEACOCK, ESQUIRE
Florida Bar No. 0319147
James, Hoyer, Newcomer, Forizs
& Smiljanich, P.A.
4830 W. Kennedy Blvd.
Suite 147
Tampa, FL 33609
(813) 286-4100
(813) 286-4174 (facsimile)
Attorneys for Plaintiff

Dated this 10th day of March, 1999.

EEOC Form 161 -A (10/96)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To:
Ms. Elizabeth A. Stanley
1008 East League, #36
Burnet, Texas 78611

From:
U. S. Equal Employment Opportunity Commission
Tampa Area Office
501 E. Polk Street, Room 1020
Tampa, Florida 33602

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 151941087. | Elaine M. Dillon, Investigator | (813) 228-2310 |

*TO THE PERSON AGGRIEVED:*

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## – NOTICE OF SUIT RIGHTS –
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the Respondent(s) named in the charge. **Your suit must be filed WITHIN 90 DAYS from your receipt of this Notice.** Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

12/23/98 On behalf of the Commission

January 05, 1999
*(Date Mailed)*

[signature]
Barbara A. Steidemann, Acting Area Director

Enclosure
Copy of Charge

cc:
Dillard's Department Stores, Inc.
Ms. Judy S. Hoyer, Attorney at Law

**EXHIBIT "A"**